# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-0184V**

|  |  |
|---|---|
| NONA BOBB, | Chief Special Master Corcoran |
| Petitioner, | Filed: May 28, 2026 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Michael Bliley, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 7, 2021, Nona Bobb filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccination she received on February 6, 2020.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petition, ECF No. 1. On September 29, 2025, I issued a decision denying entitlement for insufficient proof of severity of injury and the matter was dismissed. ECF No. 50.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,095.45 (representing $24,645.10 in fees plus $2,446.83 in costs and $3.52 in Petitioner out-of-pocket expenses). Application for Attorneys' Fees and Costs ("Motion") filed January 19, 2026, ECF No. 53. Furthermore, counsel for Petitioner represents that $3.52 was incurred in Petitioner out-of-pocket expenses. ECF No. 53 at 1.

Respondent reacted to the motion on February 4, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondents' Response to Motion at ECF No. 57. On February 6, 2026, Petitioner filed a reply requesting that the amount of fees and costs in her Motion be awarded. ECF No. 58.

I have reviewed the billing records submitted with Petitioner's request. The rates request for work performed through 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein. And all time billed to the matter was reasonably incurred.

I have also reviewed the requested costs and find that Petitioner's counsel provided supporting documentation for all claimed costs and out-of-pocket expenses. ECF No. 53-2 at 1-14. I find the requested costs reasonable and will therefore award them herein.

Here, although the petition was eventually dismissed, I am satisfied that good faith and reasonable basis have been met in the instant case. Respondent is also satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs. **I hereby GRANT Petitioner's Motion for attorney's fees and costs. Petitioner is awarded attorney's fees and costs in the total amount of $27,095.45 as follows:**

**A lump sum of $27,091.93, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record IOLTA account for prompt disbursement; and**

**A lump sum of $3.52, representing reimbursement for Petitioner's out-of-pocket expenses, to be paid through an ACH deposit to Petitioner's counsel of record IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.